### No. 474

No. 20196—Sarah I. Robinson, Admrx., v. The Pennsylvania Railroad Company. Error to the Court of Appeals of Mahoning County.

**118. AUTOMOBILES—216. C h a r g e of Court—1. Duty of driver of to have machine under such control as to be able to stop or avoid obstruction and dangers within area lighted by headlights.**

**2. Refusal of court to charge that operator of a locomotive has the right to presume that automobile driver approaching tracks will stop before going on to or in close proximity thereto, and that the law did not require engineer to apply brakes because he saw headlights showing across the tracks, not reversible error.**

ALLEN, J.

1. When the trial court, in the trial of a personal injury case arising out of a collision between a railway train and an automobile at a grade crossing in the night-time, where the evidence shows that the driver of the automobile stopped his car within 15 or 20 feet after he was apprised of the existence of the track, without having crossed such track, refuses to charge before argument that "The court says to you that the law required plaintiff's decedent and driver of automobile on the night in question to have his machine under such control that the machine could be stopped or otherwise avoid obstructions and dangers within the area lighted by its headlights", such refusal to charge does not constitute reversible error.

2. Where the trial court in such case refuses to charge before argument that as a matter of law, "the operator of a locomotive has the right to presume, assume and rely upon the fact that an operator of an automobile

approaching a railroad crossing will stop before he goes upon the track, or in such close proximity to the track that his machine will be struck by the locomotive or any other part of the train, and the law, under the evidence in this case, did not require the engineer in charge of this train to make any application of the brakes on his engine or train because he saw headlights of an automobile showing across the track on which the train was being operated", such refusal to charge does not constitute reversible error.

Judgment of the Court of Appeals reversed and that of common pleas affirmed.

Day, Robinson and Matthias, JJ., concur.